UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMMY SCHRADER,

                      Plaintiff,

       -against-

NATIONAL SERVICE OF PROCESS, and LAMONT
COOPER individually,

                      Defendant(s).
-----------------------------------------------------------------X

*Class Action*
**COMPLAINT**

## INTRODUCTION

1. TAMMY SCHRADER (hereinafter "Plaintiff") seeks redress for the illegal practices of NATIONAL SERVICE OF PROCESSES (hereinafter "Defendant") concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## PARTIES

2. Plaintiff is a citizen of the State of Indiana.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, National Service of Processes is a New York corporation with its principal place of business located in Buffalo, NY.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers nationwide and regularly engages in business in the State of New York and has used various alias's and corporate shells to collect debts under his portfolio.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as the Defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this cause of action.

9. That a personal debt was allegedly incurred by the Plaintiff from an unidentified creditor.

10. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

11. That on a date better known by Defendant, Defendant began to attempt to collect alleged debt from the Plaintiff.

12. That on or about October 26, 2008, Plaintiff received a telephone call from Defendant's agent who told Plaintiff that she owed a debt to Discover and that she "was being taken to court."

13. That Plaintiff was transferred to Defendant's agent "Tim Detouth" who explained to Plaintiff that he was trying to "verify the address to have a *subpoena served on behalf of Discover for case number COV19901.*" (emphasis added).

14. That when Plaintiff asked if the statute of limitations applied to the debt, Defendant's agent "Tim Detouth" stated to the Plaintiff that "*the statute of limitations did not apply in cases like this.*" (emphasis added).

15. That when the Plaintiff denied owing any amount to alleged credit Discover and asked the Defendant to validate the debt, "Tim Detouth" falsely replied that *"**the documents are sealed and would not be released until the debt was paid or judgment was handed down.**"* (*emphasis added*).

16. That "Tim Detouth" stated in said telephone conversation:

    "You need to make some sort of arrangements immediately to pay them or else they *will go ahead with the court and you'd wind up with a <u>felony charge on your record</u>, and we don't want that now do we Mrs. Schrader!?"* (*emphasis added*).

17. That Plaintiff clearly disputed this debt and the Defendant deceived the Plaintiff and threatened criminal action if she did not pay a debt that she disputed.

18. That because of the Defendant's criminal threats of felony charges, the Plaintiff paid the Defendant over $3,200.

19. That on or about November 1, 2008, the Plaintiff received a letter from the Defendant falsely stating a *"**judgment amount**"* of $4,687.12. (*emphasis added*).

20. That said letter did not inform the Plaintiff that the Defendant was a debt collector nor that the letter was being sent for that purpose.

21. That said letter was sent to the Plaintiff after she requested validation and before the Defendant validated said debt.

22. That upon information and belief, the debt in which the Defendant attempted to collect from the Plaintiff is over the six year statute of limitations allowed for the Defendant to bring a lawsuit against the Plaintiff for this debt.

23. That even though the alleged debt was beyond the statute of limitations, the Defendant threatened to take the Plaintiff to court even though they could not legally take this action.

24. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (e), (f) and (g) in that communications to the Plaintiff by the Defendant fail to advise the consumer of her rights, are false, deceptive, unfair, threatening and made in furtherance of attempting to collect a consumer debt by means of duress and harassment.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

26. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-25 as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of the Plaintiff and the members of a class.

28. The class consists of consumers who received telephone calls and letters from the Defendant's agents which falsely indicated that a judgment had been obtained against the consumer and which said communications threatened criminal action if consumer failed to pay an alleged debt.

29. The class consists of all persons whom Defendant's records reflect resided in the United States and who received a letter or telephone call (a) from one of the defendant's collection representatives who used false, deceptive, unfair, threatening methods and/or suggestive of criminal behavior when collecting debt similar to the threats the Plaintiff received, (b) the letter was left concerning the seeking payment of an alleged debt and failed to provide proper disclosures as required by the FDCPA; and (c) that the letter or communications contained violations of 15 U.S.C. 1692 et seq., subsections c, d, e, f, and/or g.

30. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that letters and phone calls are at the heart of this litigation, the class is so numerous that joinder is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

   (C) The only individual issue is the identification of the consumers who received a letter or threatening phone call from the Defendant, (i.e. the class members), a matter capable of ministerial determination from the records of the Defendant.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. Phone messages, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

35. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: October 27, 2009

\_\_\_s/ajg_____

Amir J. Goldstein, Esq.
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

\_\_\_s/ajg_____

Amir J. Goldstein (AG-2888)